UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.

CASE NO: 6:10-cr-35-Orl-28GJK

LORANZO THOMAS

## ORDER

Defendant's "Compassionate Release Covid-19" motion (Doc. 201) is before the Court for consideration. The Government filed a response opposing the requested relief. (Doc. 202). Because Defendant failed to exhaust his administrative remedies, the motion is due to be denied.

After entering a guilty plea, in August 2010, the Court sentenced Defendant to 163 months' imprisonment for conspiracy to commit Hobbs Act robbery and bank robbery, Hobbs Act robbery, attempted Hobbs Act robbery, and two counts of using a firearm during a crime of violence. (Doc. 202; Doc. 75). These charges stem from Thomas' robbery of a gas station and a Subway restaurant at gunpoint, and an attempted robbery of a credit union. (Doc. 202, PSR ¶¶10-15). During one of the robberies, Thomas struck a store clerk on the head. (Id., PSR ¶11). At the time he committed these offenses, Thomas was on probation, and had a pending charge out of Georgia for Possession with intent to Distribute Cocaine. (Id., PSR ¶¶ 69). Prior to committing these offenses, Thomas had convictions for theft of a Motor Vehicle and Possession with Intent to Distribute Cocaine (two grams). (Id., PSR ¶¶58, 59). Since his incarceration, Thomas has been sanctioned for two assaults without serious injury (2015, 2017), interfering with a security device (2015), possessing a hazardous tool (cell phone) (2016), and three instances of

possessing alcohol, drugs, or smoking paraphernalia (2011, 2013, 2014). (Doc. 202 at 15). Defendant is 33 years old with a projected release date of March 4, 2022. (Doc. 202 at 1-2).

The authority of a district court to modify a sentence is narrowly limited by 18 U.S.C. § 3582(c). *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Although Defendant asserts he has exhausted his administrative remedies and the Government agrees,[1] the Court disagrees. Defendant submitted a request for release to the warden on June 5, 2020. (Doc. 202 at 19).[2] On June 23, 2020, eighteen days later, the warden denied his request. (*Id.*). The warden's response states, *inter alia*:

> If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia, 30331-6226. Your appeal must be received in the Regional Director's Office within 20 days of the date of this response.

Twenty days expired on July 13, 2020. That day has come and gone and there is no indication Defendant commenced an appeal. The instant motion was filed on July 9,

---

[1] "Here, more than 30 days have elapsed since the Warden's receipt of Thomas's request for compassionate release. *See* Exh.1, Exh.2. He thus is permitted to file this motion." (Doc. 202 at 11).

[2] Defendant asserts he submitted requests for relief on May 13, 2020 and May 26, 2020. (Doc. 201). The Administrative Remedies Log however, kept by the Bureau of Prisons, shows the request for compassionate release was received on June 5, 2020. (Doc. 202 at 19).

2

2020. Neither the Government nor Defendant has supplied evidence of an appeal; rather, both rely on the expiration of 30 days from the submission of Defendant's request to argue the Court may now consider Defendant's motion. But 18 U.S.C. § 3582(c)(1)(A) is clear: this Court can only act on a motion from Defendant when his request to the warden has *lapsed* after 30 days *or* Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, Defendant's request did not lapse as the warden responded in a timely manner and Defendant did not appeal the warden's decision. *See United States v. Wojt,* No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020)("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies.").

Given that the Government has agreed Defendant has exhausted his administrative remedies, the Court must consider whether the issue is waived. The Eleventh Circuit has not yet considered whether the exhaustion of administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A) may be waived. The district courts are split on the issue. Many have concluded it cannot be waived (*United States v. Smith,* No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020)(collecting cases)), while others have concluded it can be waived (*United States v. Smith,* No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2 (S.D.N.Y. April 13, 2020)(collecting cases)). This Court agrees that exceptions cannot be read into statutory exhaustion requirements where Congress has provided otherwise such as set forth in 18 U.S.C. § 3582(c). *See e.g., Ross v. Blake,* 136 S. Ct. 1850 (2016). Thus, the Court concludes the exhaustion of administrative remedies in 18 U.S.C. § 3582(c) cannot be waived.

The failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241).

Defendant's Motion for Compassionate Release (Doc. 201) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Loranzo Thomas